No. 4735.

(Court of Appeal, Pasish of Orleans.)

# STATE EX REL FELIX S. HINGLE VS. THE POLICE JURY OF THE PARISH OF PLAQUEMINES.

1. Repeal by implication is not favored and, unless they are irreconcilable the two statutes should, if possible, be construed together and their differences harmonized. '

2. Oct 138 of 1894 is repealed and superseded by Section 22 of Act 184 of 1908 on the same subject matter, and the latter statute remains the only muniment of authority for parochial action in reference to the subject of public printing.

Appeal from Twenty-ninth Judicial District Court, Parish of Plaquemine.

O. S. Livaudais, for Plaintiff.

N. H. Nunez and J. Wilkinson, for Defendant.

DUFOUR, J. The relator, a taxpayer of the Parish of Plaquemines, and the owner of a newspaper published there, seeks by mandamus to compel the Police Jury of that parish to elect a parish printer, as required by the Act No. 138 of 1894.

The return of respondents alleges that the section of Act 138 of 1894 invoked by relator had been repealed and superseded by Section 22 of Act No. 184 of 1908, the provisions of which respondent are now obeying by advertising for sealed proposals to do the public printing for the parish.

The Act of 1894 makes it the duty of the police juries of the respective parishes to elect a parish printer who shall be the owner or representative of some established newspaper in the parish, which shall be known as the official journal in which shall be published all official proceedings and notices, and which shall do job work at such rates as are for the former fixed in the Act, and, for the last named, at the lowest current rates.

The Act of 1908 is one creating a printing board and among the objects enumerated in the title is one ''directing the manner and prices at which contracts shall be made by police juries and municipal corporations for public printing.''

Sec. 22 of the Act reads as follows:

"Sec. 22. Be it further enacted, etc., that the police juries and municipal corporations in all parishes, including the Parish of Orleans, shall not hereafter order public printing of any kind, unless the same be done under contract and adjudication to the lowest responsible bidder, under such rules and regulations as they may establish, after due public notice of at least ten days, and the price therefor shall not in any case exceed the price fixed for judicial advertisement; and for other printing or job work they shall in no case exceed the maximum price fixed for the State printing in this Act. The police juries and municipal corporations shall always have reserved to them the right of rejecting any and all bids, and shall require adequate security in the parish, from the lowest responsible bidder, for the complete fulfillment of the contract resulting from adjudication."

The repealing clause of the Act expressly repeals only Act No. 6 of 1881, and does not contain any general repealing provision.

The question presented, therefore, is: has there been a repeal by implication?

There is no dispute as to the law of the case.

Repeal by implication is not favored. A particular law is not repealed by a general law unless they are irreconcilable, and the two statutes should, if possible, be construed together and their differences harmonized.

In the present case, it is apparent that the two laws are *in pari materia* and refer to absolutely the same subject matter, the public printing of the parishes.

If the police jury carries out the mandate of the Act of 1908 it must under bids for the "public printing of any kind" to the lowest responsible bidder; this is inconsistent with the election of a public printer who shall do the work at a price fixed by law, or at the lowest current rates, as provided by the Act of 1894.

The "public printing of any kind" once allotted, the appointment of another public printer would be an idle formality, as he would have no duties to perform

The suggestion that the two statutes may be so construed as to allow a division of the work does not commend itself. This construction would be judicial legislation in the face of the

plain text of the statute prohibiting the ordering of "public printing of any kind," except by adjudication and contract.

Sec. 22 of the Act of 1908 is a re-enactment of Sec. 20 of Art. No. 6 of 1881, which had been repealed by the Act of 1894, and it was evidently the intention of the Legislature to restore the original law.

The statutes under discussion are irreconciliable and cannot coexist.

The Act of 1894 must therefore be held to have been superseded by the Act of 1908, which remains the only muniment of authority for parochial action in reference to the subject of public printing.

Judgment affirmed.

March 22, 1909.

Rehearing refused April 7, 1909.

Writ denied by Supreme Court, May 10, 1909.